2:25-CV-099-Z

MAY 6 2025 AM10:45
FILED - USDC - NDTX - AM

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS AMARILLO DIVISION

Jason Cataldo, Plaintiff, v. AMERICAN CIVIL LIBERTIES UNION, SOUTHERN POVERTY LAW CENTER, Defendants.

Civil Action No. [To be assigned]

COMPLAINT FOR DISCRIMINATION IN VIOLATION OF FEDERAL LAW AND MOTIONS TO PROCEED PRO SE AND IN FORMA PAUPERIS

I. INTRODUCTION

Plaintiff Jason Cataldo, a former resident of Erie, Pennsylvania, brings this action against Defendants American Civil Liberties Union (ACLU) and Southern Poverty Law Center (SPLC) for discriminatory refusal to provide legal assistance, in violation of 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964.

Plaintiff, a white, Christian, heterosexual male, alleges that Defendants denied him legal assistance for a severe civil rights matter in April 2025 based on his race, gender, religion, and sexual orientation, favoring non-Caucasian, non-male, non-Christian, or non-heterosexual individuals in their case selection policies.

Plaintiff, legally disabled and unable to afford an attorney, contacted Defendants for assistance with grave civil rights violations in Erie, Pennsylvania, only to discover that as a white male, he has nowhere to turn for representation, despite Defendants' obligation to serve all taxpayers as recipients of federal funds.

Defendants, funded predominantly by taxes from white taxpayers like Plaintiff, claim to protect civil rights but selectively represent minorities, women, and other groups they deem deserving, ignoring the rights of white, Christian, heterosexual males.

II. JURISDICTION AND VENUE 5. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). 6. Venue is proper under 28 U.S.C. § 1391(b) because Defendants' nationwide policies and actions, including case selection practices affecting Plaintiff, have a substantial impact in this district through their operations and influence.

III. PARTIES 7. Plaintiff Jason Cataldo is an individual residing in Erie, Pennsylvania. Mail may be forwarded to his legal representative at 12140 Jackson Run Road, Sugar Grove, PA 16350, and he may be contacted at jasonallencataldo@gmail.com. 8. Defendant ACLU is a nonprofit organization based in New York, New York, that receives federal funds and provides legal assistance in civil rights cases. 9. Defendant SPLC is a nonprofit organization based in Montgomery, Alabama, that receives federal funds and provides legal assistance in civil rights cases.

IV. FACTUAL ALLEGATIONS 10. Plaintiff suffered severe civil rights violations in Erie, Pennsylvania, including years of incarceration for a second-degree felony trespass charge after fleeing armed gang members je believes were employed by or connected to the Erie Police Department, who harassed him for exposing their cover-up of a

homeless woman's murder. Plaintiff was told by police he had a "big mouth that needs shut." Judge John J. Mead imposed an excessive ten-year sentence, violating sentencing guidelines and due process. 11. A 2023 U.S. Department of Justice investigation substantiated connections between the Erie Police Department and local gangs, finding evidence of civil rights violations but insufficient evidence for criminal convictions, confirming systemic misconduct relevant to Plaintiff's case. 12. In April 2025, Plaintiff, legally disabled and unable to afford an attorney, contacted the ACLU seeking legal assistance for these violations, which caused significant harm, including loss of career, mental health, and physical health. 13. On or about April 30, 2025, the ACLU responded via email, stating: "Dear Jason Cataldo: The American Civil Liberties Union of Pennsylvania's legal department has reviewed your complaint. Unfortunately, we are unable to offer you legal representation. The ACLU of Pennsylvania is a privately funded non-profit organization that seeks to preserve and extend certain constitutional principles, most of which are found in the Bill of Rights. However, our office has only a small legal staff, making it difficult to accommodate every individual requesting our assistance." 14. Plaintiff alleges that the ACLU's stated reason—limited resources and a focus on systemic issues—is a pretext for discrimination based on his race, gender, religion, and sexual orientation, as the ACLU has represented individuals in less severe cases involving non-Caucasian, non-male, non-Christian, or non-heterosexual plaintiffs. 15. For example, the ACLU represented Donna Miller, a 62-year-old Black woman, in a 2021 case against the Murray City Police Department in Utah. Miller was arrested during a racially biased traffic stop, despite passing sobriety tests, and settled for $152,000. Plaintiff's case, involving years of incarceration and multiple due process violations, is significantly more severe yet was rejected. 16. The ACLU has targeted conservative figures like President Donald Trump with lawsuits, such as ACLU v. Trump (2020), challenging his financial dealings under the emoluments clause, suggesting a bias against conservative, white, Christian, heterosexual males. 17. The ACLU has also represented Black men with criminal histories in high-profile cases, such as Floyd v. City of New York (2013), challenging stop-and-frisk policies, which received extensive media coverage and prioritized minority plaintiffs. 18. In April 2025, Plaintiff contacted the SPLC seeking similar assistance and was denied, with the SPLC citing limited resources or a similar rationale. 19. Plaintiff alleges that the SPLC's refusal was motivated by discriminatory animus based on his race, gender, religion, and sexual orientation. The SPLC's website (splcenter.org) is replete with graphics and text championing "racial justice" for minorities, with minimal mention of issues affecting white individuals, clearly demonstrating a bias toward assisting only minorities, women, and other objectified classes. 20. Plaintiff, a white, Christian, heterosexual male, disclosed to the ACLU that his attackers were minority gang members tied to the Erie Police, which may have influenced their refusal, despite the DOJ's findings supporting his claims. 21. Defendants receive federal funds, a significant portion of which comes from taxes paid by white taxpayers like Plaintiff, yet they fail to provide equal representation to white, Christian, heterosexual males, constituting discrimination and a violation of their obligation to serve all taxpayers. 22. Defendants' discriminatory practices denied Plaintiff equal access to legal services, causing emotional distress and obstructing his pursuit of justice, particularly as a disabled individual with no other

recourse for his clear civil rights case.

V. CAUSES OF ACTION Count 1: Discrimination Based on Race, Gender, Religion, and Sexual Orientation (42 U.S.C. § 1981) 23. Defendants ACLU and SPLC intentionally discriminated against Plaintiff by refusing to provide legal assistance based on his race, gender, religion, and sexual orientation, in violation of 42 U.S.C. § 1981. 24. Defendants' actions denied Plaintiff the same right to contract for legal services as enjoyed by non-Caucasian, non-male, non-Christian, or non-heterosexual individuals.

Count 2: Discrimination by Recipients of Federal Funds (Title VI) 25. Defendants ACLU and SPLC, as recipients of federal funds, discriminated against Plaintiff based on race, in violation of Title VI of the Civil Rights Act of 1964. 26. This discrimination deprived Plaintiff of access to legal services available to others, causing him harm.

VI. MOTIONS Motion to Proceed Pro Se 27. Plaintiff moves to proceed pro se, pursuant to 28 U.S.C. § 1654, as he is unable to afford legal counsel and wishes to represent himself in this matter.

Motion to Proceed In Forma Pauperis 28. Plaintiff moves to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, as he is legally disabled, has limited financial resources, and cannot afford the filing fee or legal counsel, which necessitated his outreach to Defendants for assistance.

VII. RELIEF SOUGHT 29. Plaintiff respectfully requests the following relief: a. A declaratory judgment that Defendants' case selection practices discriminate against white, Christian, heterosexual males in violation of federal law. b. An injunction requiring Defendants to adopt non-discriminatory case selection policies and provide equal access to legal assistance for all individuals, regardless of race, gender, religion, or sexual orientation. c. Compensatory damages in an amount to be determined at trial for emotional distress and other harms. d. Any other relief the Court deems just and proper.

VIII. BENCH TRIAL REQUEST 30. Plaintiff requests a bench trial, with the Court deciding all issues.

Dated: April 30, 2025
Respectfully submitted,
Jason Cataldo Pro Se Plaintiff
jasonallencataldo@gmail.com

All Communications Regarding this Case may be sent to:
Legal Mail
c/o Fox News
1211 Avenue of the Americas, New York, NY 10036

Carbon Copy: ACLU, SOUTHERN POVERTY  LAW CENTER

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LETTERSTREAM

RECEIVED

MAY – 6 2025

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

WHITE
LIVES
MATTER

00115368370001
UNITED STATES DISTRICT COURT FOR THE NORTHE
TEXAS AMARILLO DIVISION
205 SE 5th Avenue, Room 133
Amarillo TX 79101-1559
USA

16  DJABIF1  79101